The opinion of the Court was delivered by
Tilghman C. T.
This is an indictment against Samuel . Gillam, for an assault and battery, m which a verdict was f°uncl for the Commonwealth, subject to the Court’s opinion on the validity of an ordinance by the citizens of Phila- » • * " delphia in select and common councils assembled, regulating cording of wood, &C, passed the 28th of January, 1808. The question arises' on the fourth section of this ordinance, by which it is enacted, “ that whenever any cord wood s^a^ be landed for sale at any private wharf or landing within the city, the corder who shall superintend the nearest Pubbc wharf thereto, is enjoined and directed to inspect and measure the same, for which service he shall receive eight . . . cents per cord, for the benefit of the corporation, to be paid *51 by the purchaser ; and if any person shall prevent or oppose such corder in the execution of his duty therein, every such person shall, for every such offence, forfeit the sum of twenty dollars,.”
It is not denied, that the corporation has the right of regulating the cording of wood landed on the public wharves, which are the property of the city. But the present case relates to a private wharf, the owner of which contends, that he has a right to permit any person to land and sell wood, without the interference of the officers of the corporation, provided, each cord offered for sale be of the legal measure. In order to decide this question, we must take into consideration an Act of Assembly, passed on the same subject, the 10th of March, 1817; for it is admitted by the counsel for the corporation, that if there be any inconsistency between the Act and the ordinance, the latter must give way. It seems that the Legislature had it in contemplation to make a complete provision on the subject, at least so far as concerned wood exposed to sale on ground not the property of the city ; and this provision was to extend to the county, as well as the city. The Act is entitled “ An Act for the better regulation of cord wood and bark exposed to sale within the city and county of Philadelphia.” • The first section ascertains the measure of a cord. The second section directs that all cord wood, brought to market within the city and county of Philadelphia, shall be at least four feet in length, including one half the kerf; and describes the manner in which it shall be stowed and packed; the crooked wood to be placed at the bottom, and the straight wood on top. The third section enacts, “ that if any person shall expose to sale, within the said city and county, any wood less than four feet in length, it shall be liable to be seized by any corder of wood, and forfeited, one half to the use of the corder, and the other to the guardians of the poor of the city, district, or township in which it shall be seized : And if any person shall, within the said limits, sell, as a cord of wood or bark, for fuel, any quantity less than the standard measure prescribed by this Act, unless the same shall have been previously measured by a corder, and is sold without any change since such measurement, he shall forfeit and pay the sum of ten dollars.”
*52 It is not to be supposed, that it was the intent of the Le» gislature to make a man subject to a double penalty for any offence, nor to make him subject to any penalty, unless he offended against some provision of the Act. The main object was, to compel a strict observance of the legal standard of a cord of wood; if that was done, it was immaterial whether the wood was measured by a sworn corder or not; Accordingly, we find no, direction that all wood exposed to sale, shall be measured by a public corder. Any man, on a private wharf, might sell a cord of wood, at his peril. But if it was less than four feet in length, the wood was subject to forfeiture, and if the whole cord was less than the standard measure, the seller was subject to a penalty' of ten dollars. But the seller, if he chose, might call in a public corder, to measure the wood, and then, if the cord was less than the standard measure,, the seller was subject to no penalty, because the fault was not his, but the corder’s. This provision was made for the ease and safety of the seller. The seller, in the case before us, chose to act at his peril. He supposed, that he could ascertain the measure of a cord of wood, without the expense of a public corder. It was not alleged, that the law was broken, by selling, or offering to sell, wood of less dimensions than the legal standard ; but the officer of the corporation insisted on his right to enter on a private wharf, and inspect the wood, and measure it. In entering, he acted at his peril. If the wood, which he found on the wharf, was below the standard, he had a right to seize it; and therefore he had a right to enter, in order to make the seizuie. But if it was up to the standard, there was no right of seizure, and consequently no right of entry. A right of entry is not given by any thing less than direct implication. It is not sufficient to say, that unless the corder be allowed to enter and inspect, it is impossible for him to determine whether the wood is of the standard measure or not. It certainly.would be difficult, but not impossible. If the wood was less than four feet in length, that might be ascertained, after the wood was moved off the wharf on which it was landed. So if the whole cord was less than the standard measure, the fact might be proved, by cording it over again, with the consent of the purchaser, who would have an interest in detecting the fraud. No doubt it would be *53 more convenient, if the corder had a right to enter, and inspect the wood, before it is removed; and therefore it is verv common to give a right of entry in Statutes which make things subject to seizure and forfeiture. Out no such right is given by our Act of Assembly ; and we must not, for the sake of avoiding an inconvenience, which the Legislature may remedy at its pleasure, break in upon one of those principles by which property is protected. This case is something analogous to that of The Commonwealth v. Eyre, 1 Serg. & Rawle, 347, in which we decided that a justice of the peace has no right to enter into a man’s inclosure, in order to see whether he was not breaking the Sabbath. Upon the whole, then, I am of opinion, First, That the ordinance of the city is superseded, so far as concerns private wharves or landings, by the Act of Assembly made on the same subject: and Secondly, That the Act gives no right of entry, on a private wharf or landing, to the officer of the corporation, unless wood be there which is subject to seizure. Consequently, in the present case, the owner of the wharf, or any person acting under his order, might lawfully resist the entry of the officer. The defendant in this indictment ought therefore to be acquitted.
Defendant acquitted.